# UNITED STATES DISTRICT COURT
## Southern District of Illinois

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| Tyree Neal | |

Case No. 4:00-40101-06

USM No. 05534-025

Mark Hunter
_Defendant's Attorney_

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s)  as alleged below  of the term of supervision.

☐ was found in violation of condition(s)  _____  after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| Statutory | The defendant committed the offense of Deceptive Practice and false statements | 12/10/2012 |
| Statutory | Defendant tested positive for marihuana & cocaine | 01/03/2013 |
| Standard # 2 | The defendant did not submit monthly reports timely | 06/30/2011 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 5404

Defendant's Year of Birth: 1965

City and State of Defendant's Residence:
Harrisburg, IL 62946

03/01/2013
Date of Imposition of Judgment

_[signature]_
Signature of Judge

J. Phil Gilbert     District Judge
Name and Title of Judge

March 4, 2013
Date

DEFENDANT: Tyree Neal
CASE NUMBER: 4:00-40101-06

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| Standard # 3 | The defendant failed to provide truthful information to probation | 01/03/2013 |
| Standard # 6 | The defendant failed to notify probation of change of address/employment | 10/10/2012 |
| Standard # 7 | The defendant used alcohol in excess | 11/05/2012 |
| Standard # 9 | The defendant associated with persons engaged in criminal activity | 10/28/2012 |

AO 245D  Case 4:00-cr-40101-JPG   Document 653   Filed 03/04/13   Page 3 of 5   Page ID #785
(Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 2— Imprisonment

Judgment — Page 3 of 5

DEFENDANT: Tyree Neal
CASE NUMBER: 4:00-40101-06

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :

18 months

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant participate in the Intensive Drug Treatment Program

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____ .

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____ .

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D    Case 4:00-cr-40101-JPG    Document 653    Filed 03/04/13    Page 4 of 5    Page ID #786
(Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

Judgment—Page 4 of 5

DEFENDANT: Tyree Neal
CASE NUMBER: 4:00-40101-06

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

**36 months**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 4:00-cr-40101-JPG   Document 653   Filed 03/04/13   Page 5 of 5   Page ID #787

AO 245D    (Rev. 09/11) Judgment in a Criminal Case for Revocations
           Sheet 3C — Supervised Release

|  |  |
|---|---|
| DEFENDANT: Tyree Neal | Judgment—Page  5  of  5 |
| CASE NUMBER: 4:00-40101-06 |  |

## SPECIAL CONDITIONS OF SUPERVISION

X  The defendant shall be restricted to his residence at all times except for employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-approved by the officer for a period of 6 months. The probation officer may move the defendant to a curfew at the probation officer's discretion. The defendant shall be monitored by the Location Monitoring technology as determined by the officer and shall abide by all technology requirements. The participant shall pay all or part of the costs of participation in the location monitoring program as directed by the court and/or the probation officer.

X The defendant shall provide the probation officer and the Financial Litigation Unit of the United States Attorney's Office with access to any requested financial information. The defendant is advised that the probation office may share financial information with the Financial Litigation Unit.

X The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation. The defendant shall immediately notify the probation officer of the receipt of any indicated monies.

X The defendant shall cooperate in the collection of DNA as directed by the probation officer.

X  The defendant shall participate as directed and approved by the probation officer in treatment for narcotic addiction, drug dependence, or alcohol dependence, which includes urinalysis or other drug detection measures and which may require residence and/or participation in a residential treatment facility or residential reentry center. Any participation will require complete abstinence from all alcoholic beverages, illegal substances, and all other substances for the purposes of intoxication. The defendant shall pay for the costs associated with substance abuse counseling and/ or testing based on a copay sliding fee scale approved by the United States probation Office. Copay shall never exceed the total costs of counseling. The number of tests shall not exceed 52 in a one year period.

X  The defendant shall submit his person, residence, real property, place of business, computer, electronic communication and data storage device or media,  vehicle and any other property under his control  to a search, conducted by the United States Probation Officers and such other law enforcement personnel as the probation officer may deem advisable and at the direction of the United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision, without a warrant. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

X  The defendant shall abstain from the use and/or possession of all alcoholic beverages and any other substances for the purposes of intoxication. The defendant shall not enter or patronize establishments where intoxicants are the primary item of sale, such as bars, lounges, and night clubs.

X  The defendant shall undergo a mental health assessment and participate in a program of mental health treatment, in anger management, domestic violence, cognitive skills, or other forms of therapy or counseling that may be recommended and as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. This may include a psychiatric evaluation and may require participation in a medication regiment. The defendant shall follow the medication regiment as prescribed by a licensed practitioner, at the direction of the probation officer. The defendant shall pay for the costs associated with services rendered for counseling and or testing based on a copay sliding fee scale, as directed and approved by the United States Probation Office. The copay shall never exceed the total costs of counseling.