IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TYREE NEAL,<br><br>　　　　Defendant. | Case No. 00-cr-40101-JPG |

**MEMORANDUM AND ORDER**

　　This matter comes before the Court on Neal's petition for writ of coram nobis (Doc. 631). For the following reasons, the Court denies Neal's petition (Doc. 631).

　　On March 12, 2001, Neal entered a plea of guilty to Counts One and Thirteen of the third superseding indictment charging Neal with conspiracy to distribute and possess more than five grams of cocaine and crack cocaine and distributing cocaine and crack cocaine (Docs. 158 & 167). On June 11, 2001, Judge Murphy sentenced Neal to 137 months imprisonment, three years supervised release, a $200 special assessment, and a $1,250 fine.

　　The Seventh Circuit dismissed Neal's direct appeal. *United States v. Neal*, 42 Fed. App'x 836 (7th Cir. 2002). Thereafter, on November 22, 2002, Neal filed a § 2255 motion in which he alleged (1) ineffective assistance of counsel, (2) violation of Federal Rule of Criminal Procedure 11, (3) government breach of plea agreement, (4) failure to provide a downward departure of acceptance of responsibility, and (5) improper application of the firearm enhancement. *See Neal v. United States of America*, Case No. 02-cv-4241-GPM, Doc. 1. Judge Murphy denied Neal's § 2255 motion, and the Seventh Circuit Court of Appeals denied Neal's motion for a certificate of appealability finding "no substantial showing of the denial of a constitutional right." *See Neal v. United States of America*, Case No. 02-cv-4241-GPM, Docs. 26 & 42.

On October 25, 2010, Neal's instant criminal case was reassigned to Judge Gilbert (Doc. 585).  On December 6, 2010, pursuant to Neal's motion for reduction of sentence under 18 U.S.C. § 3582, the Court reduced Neal's offense level from 28 to 26, resulting in a sentencing guideline range of 92-115 months imprisonment (Doc. 591).  At that time, the Court found that Neal had served his sentence in full and that his three-year term of supervised release would begin upon his registration with the United States Probation Office (Doc. 591).  On March 1, 2013, this Court revoked Neal's supervised release sentencing him to eighteen months imprisonment and three years supervised release (Doc. 653).  Neal's appeal of that revocation is currently pending before the Seventh Circuit Court of Appeals.

On December 6, 2011, Neal filed his application for a writ of error coram nobis (Doc. 631) in which he informed the Court he would file a supplemental brief on January 5, 2012.  It was not until March 20, 2013, that the Court received Neal's supplemental brief which he claims was mailed on December 20, 2011.  However, the time at which Neal filed his supplemental brief is irrelevant to this Court's analysis.  In his brief, he asks this Court to vacate its June 12, 2001, judgment arguing his conviction is in violation of his Fifth Amendment right to only be convicted of charges presented to the grand jury.

The writ of coram nobis is an ancient writ that serves only a very limited purpose in criminal proceedings today.  *United States v. Morgan*, 346 U.S. 502, 511 (1954).  The Seventh Circuit has indicated it should only be used in extraordinary cases because "[f]requent use of [the] writ would discard the benefits of finality." *United States v. Keane*, 852 F.2d 199, 202 (7th Cir. 1988).  A writ of error coram nobis provides the same general relief as a writ of habeas corpus; however, the writ of error coram nobis is available only to defendants not in custody. *Howard v. United States*, 962 F.2d 651, 653 (7th Cir. 1992).  Here, Neal is still "in custody" for

the purposes of habeas corpus relief[1] and has not demonstrated any extraordinary circumstances that warrant relief under a writ of coram nobis.  Accordingly, the Court must deny Neal's application for writ of error coram nobis for this reason.

Neal's petition fails for another reason.  Relief under coram nobis is not a substitute for an appeal or collateral attack on a sentence.  *See Carlisle v. United States*, 517 U.S. 416, 428-29 (1996); *Cooper v. United States*, 199 F.3d 898, 901 (7th Cir. 1999).  Specifically, coram nobis may not be used to circumvent procedural requirements such as the successive petition restraints on § 2255 motions because it would "circumvent the clear congressional directive."  *United States v. Barrett*, 178 F.3d 34, 55 (7th Cir. 1999).  Here, the relief which Neal seeks was appropriate in a § 2255 motion and now he seeks to circumvent both the successive petition and one-year time limitation of § 2255 through coram nobis.  Because granting Neal such relief would circumvent congressional intent embodied in § 2255, the Court denies Neal's petition for writ of error coram nobis.

For the foregoing reasons, the Court **DENIES** Neal's petition for writ of error coram nobis (Doc. 631).

**IT IS SO ORDERED.**

**DATED:** March 27, 2013

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**

---

[1] At the time Neal filed his initial application for a writ of error coram nobis, he was incarcerated pursuant to Judge Murphy's June 11, 2001, sentence.  After completion of his term of incarceration, Neal was serving a term of supervised release.  Currently, he is incarcerated pursuant to Judge Gilbert's March 1, 2013, revocation of supervised release.  "[M]andatory supervised release often entails sufficient restraints on liberty to meet the 'in custody' requirement of habeas corpus."  *Burd v. Sessler*, 702 F.3d 429, 435 (7th Cir. 2012).  Accordingly, at all times since his conviction, Neal has been in custody for habeas corpus purposes.